JOHN J. KADLIC
Reno City Attorney
DONALD L. CHRISTENSEN
Deputy City Attorney
Nevada State Bar #1657
JACK D. CAMPBELL
Deputy City Attorney
Nevada State Bar # 4938
Post Office Box 1900
Reno, NV 89505
(775) 334-2050
*Attorneys for City of Reno*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RAYMOND COLLUP

        Plaintiff,

vs.

CITY OF RENO, ex rel., its RENO
POLICE DEPARTMENT; DOES I-V;
ROE CORPORATIONS I-V;
inclusive,

        Defendants.

CASE NO.: 3:07-cv-00353-BES-RAM

## Motion To Dismiss

The City of Reno (the "City") moves this Court for an order dismissing this case for failure of the plaintiff to comply with the requirements of Fed. R. Civ. P. 8 and for failure of the amended complaint to state a claim upon which relief can be granted.

### 1. Factual Discussion

The complaint against the City of Reno (the "City") was filed on June 28, 2007, in Nevada District Court. The City removed this case to U.S. District Court on August 9, 2007.

On April 17, 2008, plaintiff filed a motion to amend the complaint seeking to add two individual police officers as defendants and to delete a state law claim of negligence. This Court

denied plaintiff's motion to add the two individuals as defendants and granted the request to delete the negligence claim. In response to this order, plaintiff filed an amended complaint that fails to comply with the requirements of Fed. R. Civ. P. 8 and fails to state a claim upon which relief can be granted. The amended complaint contains no factual allegations and the allegations made are insufficient to allege any basis for liability against the City.

## 2. Legal Discussion

### A. The amended complaint does not meet the requirements of Rule 8.

The amended complaint contains no factual allegations that refer in any manner to the alleged facts upon which plaintiff's claims are based. The only allegation which could be construed as factual in nature is that the City should have known that unnamed police officers had a reputation for using excessive force and that plaintiff somehow sustained injuries as a result of the City's negligence. The complaint contains no allegation that refers in any manner to any alleged facts that allegedly gave rise to these conclusory allegations.

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "'give fair notice and state the elements of the claim plainly and succinctly.'" *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A complaint must provide either direct or inferential allegations respecting all the material elements to sustain a recovery. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b). *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. Wash. 1981). A district court's dismissal pursuant to rule 41(b) will be overturned on appeal only if the district court abused its discretion. *Id.* at 674.

The amended complaint fails to comply with the requirements. It contains no factual allegations. It does not provide fair notice of the claim. The complaint contains only allegations made in the abstract without reference to any specific facts involving the plaintiff. Accordingly, the complaint should be dismissed for failure to comply with the requirements of Rule 8.

///

### B. The amended complaint fails to state a claim upon which relief can be granted.

The first claim for relief states that it is referring to a "Fourth Amendment Right Violation" and contains the words, "Excessive Force" in its title. The amended complaint alleges that the City hired police officers and subsequently should have known that the officers had a reputation for failure to protect the civil rights of persons in custody and the use of excessive force on those persons. The amended complaint also alleges that as a result of the City's alleged negligence, plaintiff was allegedly injured. There is no allegation as to whether plaintiff was a pre-trial detainee, an individual convicted of a crime or in some other unknown category of individuals.

In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. *Graham v. Connor*, 490 U.S. 386, 394 (U.S. 1989). In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct. *Id.* The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized "excessive force" standard. *Id.*

Where the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment. *Id.* All claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard. *Id.* at 395. Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* at 396. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the

20/20 vision of hindsight. *Id.* The reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id.* at 397.

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 296-297 (1991). To be cruel and unusual punishment forbidden by the Eighth Amendment, conduct that does not purport to be punishment must involve more than ordinary lack of due care for the prisoner's interests or safety. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Supreme Court's cases mandate inquiry into the official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment. *Wilson v. Seiter*, supra, at 299. "The source of the intent requirement is the Eighth Amendment itself which bans only cruel and unusual punishment." *Id.* at 300. "The infliction of punishment is a deliberate act intended to chastise or deter." *Id.* (quoting with approval *Duckworth v. Franzen*, 780 F.2d 645, 652 (7th Cir. 1985), cert. denied, 479 U.S. 816 (1986)). "The thread common to all [Eighth Amendment prison cases] is that 'punishment' has been deliberately administered for a penal or disciplinary purpose." *Id.* (quoting 481 F.2d 1028, 1032 (2nd Cir. 1973), cert. denied sub nom. *John v. Johnson*, 414 U.S. 1033 (1973).

Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, the same standards are applied. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. Ariz. 1998).

If the claim here is that plaintiff was subjected to an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth

Amendment. At the minimum, the complaint must allege that the force used against plaintiff was unreasonable and allege facts from which such a conclusion could be reached. The amended complaint contains no such allegations and fails to state a claim for any violation of a 4th Amendment constitutional right.

If the claim here is that plaintiff was subjected to excessive force as a pre-trial detainee or as one held in custody after conviction of a crime, the claim would arise under Eighth Amendment standards. In order to state a claim there, the plaintiff must allege facts which establish that cruel and unusual punishment was deliberately administered for a penal or disciplinary purpose. The amended complaint contains no such allegations and fails to state a claim for any violation of an 8th Amendment constitutional right.

In addition to the foregoing considerations, local government entities are considered "persons" for purposes of § 1983 and can be sued directly for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006). In considering whether a municipality violated a person's rights or directed its employee to do so, the focus is on the municipality's policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Gibson v. County of Washoe*, Nev. 290 F.3d 1175, 1187 (9th Cir. 2002). A municipality is liable under § 1983 only if a municipal policy or custom was the "moving force" behind the constitutional violation. *Edgerly v. City and County of San Francisco*, 495 F.3d 645, 659 (9th Cir. 2007) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989)). A municipality may be held liable under § 1983 only where it inflicts an injury; it may not be held liable under a respondeat superior theory. *Monell v. Dep't of Social Services of City of N.Y.*, 436 U.S. 658, 691 (1978). *Gibson, supra*, at 1185.

The amended complaint contains no allegations that plaintiff was injured as a result of a municipal policy or custom. It alleges only that plaintiff was injured as a result of the City's negligence. Therefore, the amended complaint fails to state a claim upon which relief can be granted.

### 3. Conclusion

For the foregoing reasons, the City requests that the amended complaint be dismissed.

DATED this ____8____ day of October, 2008.

                              JOHN J. KADLIC
                              Reno City Attorney

                              By: *[signature]*
                              DONALD L. CHRISTENSEN
                              Deputy City Attorney
                              Nevada State Bar #1657
                              JACK D. CAMPBELL
                              Deputy City Attorney
                              Nevada State Bar # 4938
                              Post Office Box 1900
                              Reno, Nevada 89505
                              (775) 334-2050

                              *Attorneys for City of Reno and*
                              *Reno Police Department*

**CERTIFICATE OF SERVICE**

Pursuant to *NRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document(s) on the party(s) set forth below by:

_____   Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

_____   Personal delivery.

__X__   CM/ECF electronic service

_____   Facsimile (FAX).

_____   Federal Express or other overnight delivery.

_____   Reno/Carson Messenger Service.

addressed as follows:

James Andre Boles Esq.
Law Office of James Andre Boles
411 Mill St.
Reno, NV  89502

DATED this 8th day of October, 2008.

*/s/ Tammie Sutton*
Tammie Sutton
Legal Assistant