James André Boles, Esq.
Nevada Bar No. 3368
411 Mill Street
Reno, Nevada 89502
(775) 329-1544

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND COLLUP ) | |
| ) | |
| Plaintiff, ) | CASE NO.3:07-cv-353 BES-RAM |
| v. ) | |
| ) | |
| CITY OF RENO, ex rel its Reno Police ) | |
| Department; DOES 1-V; ROE ) | |
| CORPORATIONS 1-V; inclusive ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW Plaintiff, Raymond Lance Collup, by and through counsel, James André Boles, Esq., and hereby opposes to Defendant City of Reno's Motion To Dismiss.

This Opposition is made and based on the following Memorandum of Points and Authorities and all pleadings and papers on file herein.

DATED this 10th day of November, 2008.

                                                   /s/
                                       JAMES ANDRÉ BOLES
                                       Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendants correctly state the law, but missed the boat on the procedural history and facts of this case. Because the facts in this case were hard to discover based on the conduct of the police, the liable parties were not identified until late in the proceedings. Fortuitously, much of the truth was revealed despite the best efforts of the defendants. As explained below, the police, through acts and omissions, concealed their misconduct and negligence by not properly reporting and their lack of candor in the reports done. It was only after some discovery that the plaintiff discerned much of what occurred.

## FACTUAL HISTORY

Mr. Collup is an alcoholic who was in his pre-recovery stage on March 20, 2006. After becoming very seriously intoxicated, he crashed his motor vehicle into a fence and was arrested. Because of his severe condition, an ambulance was called and he was transported to St. Mary's Hospital. Several hours later, after being released from Saint Mary's, the "paddy wagon" was called and proceeded to carry him to jail. He did not arrive. Somewhere between the crash, the hospital and the jail, he was severely injured. The nature of his injuries were consistent with blunt force trauma to his face. (See Defendant Elges' deposition pages 73-75, line 21-15).

Due to inebriation, Collup had no clue how he became injured. One theory was that it happened in the police vehicle. Another was that it happened on the street. A third possibility was that he was injured in an ambulance.

Since several officers were involved and he did not know who played which role, he did not know who to name. After he pleaded guilty to DUI and was sentenced, a lawsuit was commenced in District Court. That case was removed by the City to Federal District Court, still resides there and is

the subject of this Motion to Dismiss. A second complaint was later filed in state court (See Case No. CV08-00737).

## PROCEDURAL HISTORY

### Case No. CV07-00711, 2JDC

| | |
|---|---|
| Date of incident: | March 20, 2006. |
| Date of filing first complaint: | June 28, 2007, in Second Judicial District Court, Case No. CV07-00711. |
| Date of removal: | August 8, 2007, Federal Court Case No. 3:07-cv-00353-BES-RAM. |
| Date of Amendment: | May 5, 2008. |
| Date of Depositions of Defendants Hartshorn and Elges | March 20, 2008. |
| Police "Paddy Wagon" Inspected: | April 2, 2008 |

### Case No. CV08-00737, 2JDC

| | |
|---|---|
| Date of filing first complaint: | March 20, 2008. |
| Date of amended complaint: | April 11, 2008. |
| Service of Summons and complaint effected | May 6, 2008, |

The original complaint was filed in June , 2007. It was promptly removed by the City based on a claim for violation of 42 USC, Sec. 1983, seizure by excessive force (See CV07-00711). Thereafter, that complaint was amended by the Plaintiff to add Hartshorn and Elges as defendants. The case is now before the court and trial is pending. Discovery has been completed, including the deposition of the two officers on March 20, 2008. Ironically, this date was the last day of the statute of limitations.

The officers failed to do a use of force report . Failed to do an accident investigation (See Defendant Elges' deposition pages 32-33, lines 20-21) and blamed their bad conduct on Collup's girth (See Defendant Elges' deposition, page 51, lines 5-10), and/or a broken seat belt (Hartshorn) (See Defendant Hartshorn's deposition, pages 19-21, lines 7-8)  Bottom line, the officers were less than credible from the onset to the present.

Officers involved in the incident on the date of occurrence, March 20, 2006, were seven in number.  Until the Defendants were deposed and the offending vehicle was inspected, Plaintiff did not know which, if any officers were responsible.  However, because Plaintiff had some information giving rise to the belief that either Elges or Hartshorn or both of them or some other officers were negligent, the complaint # CV08-00737 included allegations that one, both or others had been negligent. (See complaint  CV08-00737 page 2, lines 6-15).

Because the depositions of Hartshorn and Elges did not take place until March 20, 2008, and because Plaintiff chose to properly discover the nature and extent (if any) of the officers' liability, the State court <u>amended</u> complaint, case CV08-00737, was not filed until after the offending vehicle was properly identified, inspected and photographed.

Once it was established that Officer Elges was not believable in his alibi re Collup's inability to be belted in and that Hartshorn's excuse was not valid re broken belt (s), Plaintiff promptly amended his complaint.  Defendants Elges and Hartshorn told their stories on March 20, 2008.  That day, Plaintiff learned how he had been victimized by the State and its actors.  It took another few weeks to determine who was responsible.  This was accomplished by inspecting the offending police vehicle.  Before close of business, on March 20, 2008, Plaintiff had sued the Doe and Roe Defendants by describing their conduct and identifying them through the use of fictitious names.

////

## ARGUMENT

Defendant argues that the statement of facts fails to allege sufficient facts to constitute "negligence". Actually the complaint alleges a Fourth Amendment Excessive Force violation and alleges that two officers identified as Elges and Hartshorne were the culprits. The complaint goes on to accuse the city of knowing or having imputed knowledge that these officers had a reputation for failing to protect the civil rights of arrestees. The circumstances described in the complaint describe specifically the conduct of the officers that gave rise to the injuries sustained by the plaintiff. That is, the officers handcuffed the inebriated plaintiff, put him in the back of the paddy wagon which had a sharp ledge to injure his cace, did not seatbelt him in and then launched him into a sharp edge inside the passenger compartment of the police vehicle causing substantial injuries.

Broken down, the police department provided a dangerous vehicle (sharp edge), deprived the plaintiff of his ability to protect himself (handcuffed him), subjected him to forces that caused the danger (drove recklessly), and caused the substantial injury (police custody). These acts and omissions described in the complaint "give fair notice and state the elements of the claim plainly and succinctly" as required by Fed. R. Civ. P. 8(a)(2) as set forth in Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) A complaint that provides either direct or inferential allegations respecting all the material elements is sufficient to sustain a recovery. Scheid v. Fanny Farmer Candy Shops Inc., 859 F.2d 434, 436 (6th Cir. 1988).

Because the complaint on file herein complies with FRCP 8(a)(2), plaintiff urges this honorable court to deny the Motion to Dismiss.

The complaint states a claim upon which relief can be granted. Plaintiff alleges excessive force on the part of two Reno Police Officers. See First Claim For Relief. Plaintiff claims that he was under arrest in custody of the two officers who subjected him to the unlawful use of force, i.e.,

handcuffed, not restrained and thrown about in a passenger compartment with a dangerous surface. The question of reasonableness that the defendant attempts to raise is not properly before the court at this juncture since, unless the court finds it reasonable to subject an handcuffed inebriated prisoner to highly dangerous conditions, there is no basis for such an argument.

Plaintiff does not allege an Eighth Amendment violation in his complaint. The Fourth Amendment violation by the City of Reno and Reno Police Department is established by the allegation that the city had knowledge of the officers propensity for violence and subjected the plaintiff to violence by exposing him to the two dangerous officers.

Should the court find that the complaint is in any way lacking, Plaintiff requests that he be allowed to amend his complaint to correct any deficiencies.

Based on the foregoing, Plaintiff requests that this court deny the Motion to Dismiss, or in the alternative, allow him to amend the complaint.

DATED this 10th Day of November, 2008

/s/
James Andre Boles, Esq.,
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that I am an employee of the law offices of JAMES ANDRÉ BOLES and that on this date, I served a true and correct copy of the foregoing document by:

_____   Depositing for mailing, in a sealed envelope, U.S. Postage prepaid, at Reno, Nevada.

_____   Reno/Carson Messenger Service.

_____   Personal Delivery.

_____   Facsimile.

__X__   E-Filing.

addressed as follows:

Donald L. Christensen, Esq.
Jack D. Campbell, Esq.
Reno City Attorney's Office
One South First Street
Reno, NV   89501

DATED this 10th day of November 2008

/s/
Ursula Paredes-Smith