

FILED _____   _____ RECEIVED
_____ ENTERED   _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 3 1 2009

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

1

2

3

4

5

6

7

8

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

9

10

11

12

13

14

15

16

17

RAYMOND COLLUP,

      Plaintiffs,

      vs.

CITY OF RENO, ex rel. its
RENO POLICE DEPARTMENT,
DOES I-V, ROE CORPORATIONS I-V,
inclusive,

      Defendants.

3:07-CV-00353-BES (RAM)

**ORDER**

18

19

20

21

22

23

24

25

26

    Presently before the Court is Defendant City of Reno's ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint (#28), filed August 8, 2008.  Plaintiff Raymond Collup ("Plaintiff") filed an Opposition (#29) to this Motion on November 10, 2008, and alternatively asks the Court for leave to amend.

    Plaintiff's Original Complaint was filed in the Second Judicial District Court of the State of Nevada (No. CV07 01460) on July 13, 2007.  On August 8, 2007, Defendant timely removed the case to this Court. (Pet. for Removal (#1) 1). On September 18, 2008, the Magistrate Judge issued an Order (#26) granting Plaintiff leave to amend his Complaint to remove a claim of negligence, but denying Plaintiff, on grounds of futility, leave to

substitute named parties for John Doe defendants.  On September 30, 2008, Plaintiff filed his Amended Complaint (#27), which Defendant now moves to dismiss.

## I. BACKGROUND

The Amended Complaint provides no factual description of the incident giving rise to this action, making it unclear what Plaintiff specifically alleges to have occurred. Although it is not entirely clear from the face of the Complaint, it appears that Plaintiff alleges that officers of the Reno Police Department ("RPD") violated his rights under the Fourth Amendment through use of excessive force, and now brings an action for damages under 42 U.S.C. § 1983.

Plaintiff alleges that the City of Reno ("City"), acting through the RPD, was negligent in hiring officers who "had a reputation for failure to protect the civil rights of persons in custody and use of excessive force on those persons." (Am. Compl. (#27) ¶6).  Plaintiff further alleges that these negligently hired officers then subjected Plaintiff to "unlawful, unjustified, excessive, and damaging force." Id. at ¶7.  As a result of this force, Plaintiff alleges physical and mental damage "in excess of $10,000," as well as further medical damages "in an amount not presently known." Id. at ¶¶8-9.  Plaintiff offers no further factual details in his Amended Complaint.  Defendant now brings this Motion to Dismiss and argues that Plaintiff's Amended Complaint fails to comply with the requirements of Fed. R. Civ. P. 8, and fails to state a claim upon which relief can be granted under Rule 12(b)(6).

## II. LEGAL STANDARD

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Complaints that are vague, conclusory, general, and don't set forth any material facts are properly dismissed. North Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 583 (9th Cir. 1983).  Pleadings must contain enough facts to state a claim that is plausible on its face, rather than merely conceivable. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A liberal interpretation of a civil rights

1  complaint may not supply essential elements of the claim that were not initially pled.  Ivey

2  v. Bd. of Regents of Univ. of Ala., 673 F.2d 266, 268 (9th Cir. 1982).  Vague and

3  conclusory allegations of official participation in civil rights violations are not sufficient to

4  withstand a motion to dismiss.  Id.  The plaintiff must "allege with at least some degree of

5  particularity overt acts which defendant engaged in" that supports Plaintiff's claim.  Jones

6  v. Cmty. Redevelopment Agency, 733 F.2d 646, 650-51 (9th Cir. 1984).  The complaint

7  must "give fair notice and state the elements of the claim plainly and succinctly."  Id.

8

9  **III.  DISCUSSION**

10  **A. Motion to dismiss under Fed. R. Civ. P. 8(a)(2)**

11         Defendant argues that Plaintiff's Amended Complaint fails to meet the minimal

12  notice pleading requirements prescribed by Rule 8(a)(1-2) because the Amended

13  Complaint "provides no factual allegations" and "contains only allegations made in the

14  abstract without reference to any specific facts involving the plaintiff." (Mot'n to Dismiss

15  (#28) 2).  Defendant argues that because the Amended Complaint contains no specific

16  factual allegations, it provides insufficient notice to prepare a defense.

17         In order to satisfy the notice requirement in a civil rights case, the plaintiff must

18  "allege with at least some degree of particularity overt acts which defendant engaged in."

19  Jones, 733 F.2d at 650-51.  Complaints that are vague, conclusory, general, and don't set

20  forth any material facts are properly dismissed.  North Star, 720 F.2d at 583.  Vague and

21  conclusory allegations of official participation in civil rights violations are not sufficient to

22  withstand a motion to dismiss. Ivey, 673 F.2d at 268.

23         Plaintiff's Amended Complaint states two distinct claims.  Plaintiff alleges that the

24  City and RPD hired police officers with a reputation for failng to protect the civil rights of

25  suspects in custody.  Plaintiff next alleges that these officers acted with recklessness,

26  negligence, and excessive force, resulting in injuries to Plaintiff.  The Amended Complaint

does not identify the officers.  It does not provide any specific detail about the officers reputations other than the conclusory legal statement that their reputation was for excessive force. It does not describe the officers' treatment of plaintiff in any detail, other than to claim that it was "unlawful, unjustified, excessive, and damaging," resulting in "severe, painful, permanent and disabling injuries" to plaintiff's "body and psyche."  (Am. Compl. (#27) 2).

Plaintiff's failure to describe with any particularity the overt acts in which Defendant engaged deprives Defendant of meaningful notice.  The complaint is vague, conclusory, general, and doesn't set forth any material facts.   Conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Consequently, the Amended Complaint fails to provide the notice required by Rule 8, and is subject to dismissal.

Defendants also move to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Because the Court finds the pleadings insufficient under Rule 8, it is unnecessary to address the Rule 12(b)(6) arguments at this time.

**B. Request for leave to amend the complaint.**

Plaintiff presents additional factual details in his Opposition not found in the complaint, and states, "[s]hould the [C]ourt find that the complaint is in any way lacking, Plaintiff requests that he be allowed to amend his complaint to correct any deficiencies." (Opp'n (#29) 6).

This Court has indeed found the Amended Complaint lacking in factual detail sufficient to provide meaningful notice to defendants.  Plaintiff's request for leave to amend the complaint will consequently be considered.

Leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Under Rule 15(a), leave to amend should be granted freely until the defendant files a

responsive pleading.   After that point, leave to amend should be granted unless amendment (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) is futile, or (4) creates undue delay.   United States ex. rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001).   These factors are of unequal weight, and delay, by itself, is insufficient to justify leave to amend.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  Futility of amendment can, by itself, justify the denial of a motion for leave to amend.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense.  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  "Another factor occasionally considered when reviewing the denail of a motion for leave to amend is whether the plaintiff has previously amended her complaint." DCD Programs, 833 F.2d at 183 n3.  The party opposing the amendment bears the burden of showing why amendment should not be granted.  In applying this rule, the Ninth Circuit has stated that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Since Fed. R. Civ. P. 15(a) is to be construed with "extreme liberality," the Court will grant Plaintiff leave to amend his complaint in order to include sufficient specific factual details to satisfy Rules 8(a)(2) and 12(b)(6).  The Court is mindful that Plaintiff has amended his complaint once already.  However, Plaintiff's defect here is largely formal, since greater factual details have been alleged in documents other than the Complaint. Furthermore, Defendant has not opposed this second motion for leave to amend.

The second amended complaint should contain factual descriptions of the incident, including specific descriptions of the alleged police misconduct, rather than the general legal conclusions presented in this Amended Complaint (#27).  Plaintiff shall remain bound by the order of the Magistrate Judge with respect to the substitution of parties as named

1 | defendants.

2 |        Considering the facts Plaintiff presented in his Opposition and in the facts

3 | referenced by the Magistrate Judge's previous ruling on a motion to amend, it does not

4 | appear that amendment to this complaint would be futile, nor that it is sought in bad faith.

5 | Since Defendant has already once permitted Plaintiff to amend his claim, a 15-day delay

6 | will not prejudice Defendant, nor cause undue delay.

7 | **IV. CONCLUSION**

8 |        For the foregoing reasons, IT IS HEARBY ORDERED that City of Reno's Motion to

9 | Dismiss (#28) is GRANTED.

10 |        IT IS FURTHER ORDERED that Plaintiff's request for leave to amend is GRANTED.

11 | Plaintiff shall file his amended complaint within fifteen (15) days of this Order.

12 | DATED: This 31st day of July, 2009.

UNITED STATES DISTRICT JUDGE