James André Boles, Esq.
Nevada Bar No. 3368
411 Mill Street
Reno, Nevada 89502
(775) 329-1544

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **RAYMOND COLLUP** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**CITY OF RENO, ex rel., its** )<br>**RENO POLICE DEPARTMENT;** )<br>**DOES 1-V; ROE CORPORATIONS** )<br>**1-V; inclusive** )<br>)<br>Defendants. )<br>_____) | CASE NO.3:07-cv-353 BES-RAM |

**FIRST AMENDED COMPLAINT FOR PERSONAL INJURY**

**NATURE OF CASE**

1.     This is an action for relief in damages, injunctive relief, and for attorneys' fees and costs which is brought on behalf of the Plaintiff identified hereinabove who was assaulted, battered, and subjected to excessive force under the color of governmental authority resulting in 42 U.S.C. § 1983 violation of Plaintiff's constitutional rights guaranteed to him by the United States of America and the State of Nevada to wit: violation of Fourth Amendment rights and tortious act of battery on Plaintiff.

**JURISDICTION**

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343 in that these claims arise under the federal civil rights statues, 28 U.S.C. § 1331 in that a federal question exists and 28 U.S.C. § 1367 which confers supplemental jurisdiction over state law

1  claims for relief set forth in this Complaint.  This court also has jurisdiction over this matter pursuant
2  to 42 U.S.C. § 1983 in that the action seeks to redress the deprivation under color of state law, of
3  rights, privileges or immunities secured by the Constitution of the United States or by an act of
4  Congress providing for equal rights of citizens and to recover damages or to secure equitable or other
5  relief under an act of Congress providing for the protection of civil rights.

6       3.     Venue is proper in this, the northern District of Nevada because the defendant is
7  subject to personal jurisdiction here and the claims arose here
8  COMES NOW, Plaintiff above named, by and through his attorney, JAMES ANDRE BOLES, Esq.,
9  and for cause of action against Defendants, and each of them, alleges, avers, and complains as
10  follows:
11       4.     At all times material hereto, Plaintiff was, and is a resident of Washoe County, State of
12  Nevada.
13       5.     At all times material hereto, Defendant CITY OF RENO was, and is a political
14  subdivision of the State of Nevada and is brought forth in this action out of its relationship as the
15  political entity for the Defendant RENO POLICE DEPARTMENT.
16       6.     At all times material hereto, upon information and belief, Defendant Amanda
17  Hartshorn   was, and is, a resident of Washoe County, State of Nevada.
18       6.     At all times pertinent hereto, upon information and belief, Defendant Anthony Elges
19  was, and is, a resident of Washoe County, State of Nevada.
20       7.     At all times material hereto, upon information and belief, each of the Defendants was
21  the agent and employee of each of the remaining Defendants, and was, at all times acting within the
22  purpose and scope of said agency and employment and with the knowledge and consent of each
23  other.
24       8.     Plaintiff is an alcoholic who was in his pre-recovery stage on March 20, 2006.  After
25  becoming very seriously intoxicated, he crashed his motor vehicle into a fence and was arrested.
26       9.     Because of his severe condition, and a cut knee,  an ambulance was called and he was
27  transported to  St. Mary's Hospital.
28       10.     Several hours later, after being released from Saint Mary's, the Reno Police

1  Department Prisoner Transport Vehicle (hereinafter PTV) was called and proceeded to carry him to
2  Washoe County Detention Center on Parr Blvd.   He did not arrive.

3       11.    Reno Police Officers Amanda Hartshorn and Anthony Elges were operating the PTV
4  on March 20, 2006. Plaintiff was placed in the rear passenger area of the PTV with his hands
5  handcuffed behind his back.

6       12.    Defendants Hartshorn and Elges chose not to secure Plaintiff with the seatbelts
7  provided in the passenger/prisoner area of the PTV intentionally putting him at risk of serious bodily
8  harm..

9       13.    Enroute, between St. Mary's hospital and the WCDC, Plaintiff was  severely injured.
10  The nature of his injuries were consistent with blunt force trauma to his face.

11       14.    Plaintiff was being transported and was not seat belted or otherwise restrained except
12  by handcuffs.  During the transport, Elges intentionally drove in a manner to cause Plaintiff to be
13  thrown to the floor striking his head and face, sustaining serious injuries which required  surgery.
14  Defendant Harshorn encouraged the conduct by not objecting, not seatbelting Plaintiff and not
15  reporting the activity.  Defendants used excessive force by causing Plaintiff to fly about in Prisoner
16  Transport Vehicle causing him to collide violently with a sharp edge on the interior of the vehicle. As
17  a result Plaintiff was injured.

18       15.    Defendants Hartshorn and Elges concealed their conduct by not completing either a
19  Report of Use of Force  or an accident report.

20       16. After the injury suffered in the PTV, Defendants returned to St. Mary's where they were
21  informed by hospital emergency personnel that they were not equipped to treat the head injuries that
22  Plaintiff had suffered.

23       17.    Plaintiff  was transported to Washoe Medical Center where he was treated for a
24  fractured skull and severe lacerations to the head.

## FIRST CLAIM FOR RELIEF

(Fourth Amendment Right Violation)
As Applied To The States By The Fourteenth Amendment
Excessive Force

25
26
27
28       18.    Plaintiff re alleges and incorporates all of the allegations contained in paragraphs 1

through 6 as if set forth in full in this place.

19. At the time Defendants CITY OF RENO and RENO POLICE DEPARTMENT hired Hartshorn and Elges the police officers involved, and subsequent thereto, they knew, should have known, or could have easily ascertained that the officers had a reputation for failure to protect the civil rights of persons in custody and use of excessive force on those persons based on their conduct while employed by the Reno Police Department.

20. Having thus hired Hartshorn and Elges, and having them conduct law enforcement duties as described herein, Defendants CITY OF RENO and RENO POLICE DEPARTMENT subjected themselves to liability to Plaintiff for subjecting him to the risk of, and as it turned out, the actual occurrence of unlawful, unjustified, excessive, and damaging force against Plaintiff.

21. As a direct and proximate result of the use of excessive force by Defendants, and each of them, Plaintiff has suffered severe, painful, permanent and disabling injuries to his body and psyche which injuries have required extensive medical care, all to Plaintiff's general damages for physical and mental pain and suffering, emotional distress, and loss of enjoyment of life, past and future, in a just and reasonable amount in excess of $10,000.

22. As a direct and proximate result of the use of excessive force by Defendants, and each of them, Plaintiff has incurred medical bills for necessary treatment in an amount not presently known, and may, in the future, incur additional medical bills for necessary treatment, all to his future damages for medical and incidental expenses in an amount presently unknown, and subject to proof at trial.

23. As a direct and proximate result of the use of excessive force, by Defendants, and each of them, Plaintiff has incurred lost income, and may, in the future, incur additional lost income in amounts not presently known and subject to proof at trial.

24. As a further direct and proximate result of the use of excessive force by Defendants, and each of them, Plaintiff has been required to retain the services of attorneys, investigators, and others in order to make his claim for damages and seek recovery of the same from the culpable parties, all to Plaintiff's future damages in an undetermined amount subject to proof at trial.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them as follows:

a. General damages in excess of $10,000;

b. Special damages for medical and incidental expenses, past and future, according to proof at trial;

c. Special damages for lost income, past and future, according to proof at trial;

d. For an award of attorney fees, costs, expenses and interest as allowed by law;

e. For an award of injunctive relief;

f. For such other and further relief as to the Court seems proper in the premises.

DATED this 13th day of August, 2009.

           /s/
JAMES ANDRE BOLES, Esq.
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that I am an employee of the law offices of JAMES ANDRE BOLES, Esq., 423 Mill Street, Reno, Nevada 89502, and that on this date, I served a true and correct copy of the foregoing document by:

_____    Depositing for mailing, in a sealed envelope, U.S. Postage prepaid, at Reno, Nevada.

_____    Reno/Carson Messenger Service.

_____    Personal Delivery.

_____    Facsimile.

__X__    E-Filing

addressed as follows:
Jack Campbell, Esq.
Reno City Attorney's Office
One South First Street
Reno, NV   89501

DATED this 13th day of __August__, 2009.

/s/
Employee of James Andre Boles, Esq.,