

1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                            **DISTRICT OF NEVADA**

8

9   RAYMOND COLLUP,                      )        3:07-CV-00353-RCJ-RAM
                                         )
10                 Plaintiff,            )
                                         )        **ORDER**
11  v.                                   )
                                         )
12  CITY OF RENO POLICE DEPARTMENT,      )
                                         )
13                 Defendant.            )
                                         )
14  _____ )
                                         )
15

16          Plaintiff Raymond Collup filed the present lawsuit against Defendant City of Reno

17  Police Department alleging excessive force in violation of 42 U.S.C. § 1983. Presently before

18  the Court is Defendant's unopposed Motion to Dismiss Second Amended Complaint (#32).

19  The Court has considered the motions, briefs, pleadings, and oral argument and issues the

20  following order. IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED.

21                                **I. BACKGROUND**

22          On August 13, 2009, Plaintiff Raymond Collup, ("Plaintiff"), filed his second amended

23  complaint against Defendant City of Reno Police Department, ("Defendant"), although Plaintiff

24  titled this as his first amended complaint. (Def.'s Mot. to Dismiss (#32) 2:11–15); (1st Am.

25  Compl. (#31)). Plaintiff alleges two officers of the Reno Police Department picked him up to

26  transport him to the Washoe County Detention Center after he crashed his vehicle while

27  intoxicated. (*Id.* at ¶¶ 8–10). Plaintiff alleges the officers handcuffed his hands behind his

28  back and put him in the back of a prisoner transport vehicle, without fastening his seat belt or

                                            1

otherwise restraining him. (*Id.* at ¶¶ 11–12).  Plaintiff alleges the officers than intentionally drove in a matter that caused him to collide violently with the interior of the vehicle, causing a fractured skull and sever lacerations of the head. (*Id.* at ¶¶ 12–17).

Plaintiff bases Defendant's liability solely on the allegation that Defendant hired the two officers and later knew, or should have known, that the officers had a reputation for failure to protect the civil rights of those in their custody and for using excessive force. (*Id.* at ¶ 19).  Defendant filed this motion to dismiss on August 27, 2009.  Plaintiff's opposition was due on September 14, 2009.  Plaintiff failed to file a response.

## II. LEGAL STANDARD

A court must dismiss a cause of action that fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  See *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. See *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).  Local Rule 7-2 provides that the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2. "Failure to follow a district court's local rules is a proper grounds for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995). Before dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

///

2

1   (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less

2   drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).[1]

3   **III. ANALYSIS**

4        Under § 1983, municipal liability may not be based upon a theory of respondeat

5   superior. A municipality can only be held liable for the acts of its employees under § 1983 if

6   the acts were done pursuant to (1) an official municipal policy or (2) a longstanding practice

7   or custom. A single constitutional violation is not normally enough to establish a longstanding

8   practice of custom. But a single constitutional violation by someone with final policymaking

9   authority is enough to establish municipal liability. *Webb v. Sloan*, 330 F.3d 1158, 1163–64

10   (9th Cir. 2003). To establish municipal liability, "[t]he plaintiff must also demonstrate that,

11   through its deliberate conduct, the municipality was the 'moving force' behind the injury

12   alleged." *Bd. of County Com'rs v. Brown*, 520 U.S. 397, 404 (1997).

13        Defendant argues that Plaintiff's second amended complaint fails to suggest any policy

14   or custom of Defendant that led to the violations of Plaintiff's rights. (Def.'s Mot. to Dismiss

15   (#32) 6–9). Defendant asserts that the complaint only alleges Defendant is liable based on

16   negligence or on a respondeat superior basis. (*Id.*). Defendant also asserts that the

17   negligence claim is being litigated in state court. (*Id.* at 10–14).

18        Plaintiff's complaint does not specify any official policy of Defendant that led to the

19   alleged violation of his rights. Nor does he allege a longstanding practice or a violation by a

20   person with final policymaking authority. Plaintiff instead alleges two acts of negligence by

21   Defendant in failing to address two officers' bad reputations. Defendant's motion to dismiss

22   has merit. Plaintiff fails to state a claim for municipal liability against Defendant. Furthermore,

23

24      [1] This five-factor analysis appears inappropriate to unopposed motions to dismiss for failure to

25   state a claim under Federal Rule of Civil Procedure 12(b)(6). This is probably because it was first
adopted for determining whether a sua sponte dismissal was appropriate for failure to prosecute under

26   Rule 41(b). *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Ash v. Cvetkov*, 739 F.2d
493, 496 (9th Cir. 1984). The Ninth Circuit in *Ghazali*, stated that the five-factor analysis also applied

27   to unopposed motions to dismiss under 12(b)(6), but did not actually apply the factors in that case.
Instead, it conducted an independent review for abuse of discretion. 46 F.3d at 53. But, many courts

28   have since followed *Ghazali*'s precedent in claiming to apply the five-factor test to unopposed motions
to dismiss. *See, e.g., Wystrach v. Ciachurski*, 267 F. App'x 606, 608 (9th Cir. 2008).

1   the merits may still be addressed in a separate state action for negligence.  Given the public

2   interest in expeditious resolution of litigation and the court's need to manage its docket, the

3   Court grants Defendant's motion to dismiss because Plaintiff failed to oppose it.  *See Yourish*

4   *v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious

5   resolution of litigation always favors dismissal.").

6                                                    **IV. Conclusion**

7           Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss Second Amended

8   Complaint (#32) is GRANTED.

9           DATED: This 3rd day of November, 2009.

10

11

12                                                    _____
                                                      UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28